In the Matter of the Application of JOHN F. GILCHRIST and Others,
Constituting the Transit Commission of the State of New York,
for a Warrant Committing ALBERT H. WIGGIN to Jail under the
Provisions of Section 19 of the Public Service Commission Law.

Supreme Court, New York County, September 15, 1927.

(See headnote in *Matter of Gilchrist* [*In Re Dahl*], *ante*, p. 456.)

PROCEEDING under section 19 of the Public Service Commission
Law to commit a witness to jail for refusal to answer questions.

*Clarence M. Lewis* [*Samuel Untermyer, Irwin Untermyer* and
*I. Maurice Wormser* of counsel], for the Transit Commission.

*Rushmore, Bisbee & Stern* [*Nathan L. Miller, Henry Root Stern,
H. G. Pickering* and *Betram F. Shipman* of counsel], for the witness
Albert H. Wiggin.

*William D. Guthrie* and *Samuel Seabury, amici curiæ,* for other
witnesses.

FRANKENTHALER, J.    This is a proceeding of a similar nature to
that in *Matter of Gilchrist* (*In re Dahl*), decided herewith.    (See 130
Misc. 456.)

The questions which the witness Wiggin refused to answer are
unauthorized and immaterial under the decision in *Matter of Barnes*
(204 N. Y. 108).    Wiggin stated the number of shares of stock of
the Brooklyn-Manhattan Transit Company (hereinafter referred to
as the B.-M. T.) and of the Interborough Rapid Transit Company
(hereinafter referred to as the I. R. T.), respectively, which he
owned.    Thus, as to I. R. T. stock, he replied that he owned
3,600 shares.    He declined to answer when he bought these.    Under
the decision in the *Barnes* case he was correct in declining to answer
that question.

He was also asked what he paid for his stock in the I. R. T. and
whether he bought his I. R. T. stock before or after the B.-M. T.
bought its I. R. T. stock and whether he bought his stock at lower
prices than the B.-M. T. bought its I. R. T. stock.    The declinations
to answer these questions were well founded.    (*Harriman* v.
*Interstate Commerce Commission,* 211 U. S. 407; *People* v. *Foster,*
236 N. Y. 610; *Matter of Barnes, supra.*)

The witness Wiggin further testified that he was a very large
holder of B.-M. T. stock and that his holdings amounted to 38,500
shares of common and 20,003 shares of preferred.    He refused,
however, to state whether he got that stock at the time of the

Supreme Court, September, 1927.　　　　　[Vol. 130

reorganization of the B.-M. T. The witness said: " I decline to answer the questions as to when I purchased and the prices I paid." In this declination the witness was within his legal rights under the authority of the cases above cited. The testimony sought to be elicited was neither material nor pertinent for purposes of the present investigation. So also the witness was justified in refusing to answer whether or not he held his stock in July, 1926, when the I. R. T. strike occurred, this being an attempt to ascertain by indirection the same fact, which for reasons heretofore stated is immaterial and irrelevant for the purposes of the present investigation.

These are the only questions which the witness Wiggin declined to answer. There were no refusals to answer on his part with reference to acquisitions by the B.-M. T. in the I. R. T. as in the case of his fellow-witness Dahl.

For the foregoing reasons the court denies the ¬notion in all respects as to the witness Albert H. Wiggin.

Settle order on notice.